275 P.3d 611

**In re MH2011–000914.**

**No. 1 CA–MH 11–0054.**

Court of Appeals of Arizona,
Division 1.

March 27, 2012.

William G. Montgomery, Maricopa County Attorney by Anne C. Longo, Geraldine L. Roll, Deputy County Attorneys, Civil Division, Phoenix, Attorneys for Appellee.

Marty Lieberman, Maricopa County Legal Defender by Cynthia Dawn Beck, Deputy Legal Defender, Phoenix, Attorneys for Appellant.

## OPINION

PORTLEY, Judge.

¶ 1 We are asked to determine whether an affidavit from an evaluating physician satisfied the statutory requirements to allow the trial court to conclude that Appellant was persistently or acutely disabled. Because we find that the affidavit was not legally sufficient, we vacate the involuntary treatment order.

## FACTS

¶ 2 Appellant was admitted to Desert Vista Hospital after her husband filed an emergency application for a court-ordered evaluation. The subsequent petition for involuntary treatment and the supporting affidavits of Drs. Andrew Parker and Marcelle Leet alleged that Appellant was a danger to others and persistently or acutely disabled.[1]

¶ 3 At the hearing, Dr. Parker testified that he spent "a minute to two" with Appellant because she declined to have a physical examination and requested a lawyer.[2] He, however, reviewed her chart, and diagnosed her with a psychotic disorder and a mood disorder. Although he did not attempt to interview her again,[3] he testified he was confident that his review of her chart and his brief interaction with her provided him with sufficient information to form an opinion about her mental state.

¶ 4 The parties stipulated to the admission of Dr. Leet's affidavit in lieu of her testimony. The affidavit recited that Dr. Leet met with Appellant and explained the purpose of the interview, and that Appellant understood and agreed to participate. Dr. Leet concluded that Appellant suffered from a psychotic disorder, not otherwise specified, because Appellant denied observed psychotic symptoms and was unable to acknowledge the circumstances that prompted the petition.

1. At the hearing, the State conceded that it had not proven that Appellant was a danger to others by clear and convincing evidence, and the court dismissed the allegation.

2. Dr. Parker did not try to ascertain whether Appellant would speak with him if her attorney were present.

3. The doctor received the assignment at approximately 10:00 a.m. and did not immediately conduct the evaluation because Appellant was taking a shower. He returned later, briefly spoke with her, and submitted his assessment by 11:00 a.m. so that it could be transcribed and timely filed with the court.

¶ 5 Appellant testified on her own behalf. She said she spoke with Dr. Parker for not more than two minutes, that she never refused to speak with him, and that he left after she declined what she perceived as his offer to defend her in the petition proceedings. Her son also testified, and noted that his mother sometimes needed additional explanation before she was able to comprehend certain information.

¶ 6 After the hearing, the court determined that Appellant suffered from a mental disorder that rendered her persistently disabled, and that she was unwilling or unable to accept voluntary treatment. As a result, she was ordered to undergo combined inpatient/outpatient treatment not to exceed 180 and 365 days. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–2101 (West 2012)[4] and 36–546.01 (West 2012).[5]

## DISCUSSION

### A. Standard of Review

■ ¶ 7 We independently review whether the doctor's affidavit was legally sufficient because interpreting the affidavit and the relevant statutes involves questions of law. *In re MH 2007–001236*, 220 Ariz. 160, 165, ¶ 15, 204 P.3d 418, 423 (App.2008) (citing *In re Jesse M.*, 217 Ariz. 74, 76, ¶ 8, 170 P.3d 683, 685 (App.2007); *In re MH 2006–000749*, 214 Ariz. 318, 321, ¶ 13, 152 P.3d 1201, 1204 (App.2007); *Little v. All Phoenix S. Cmty. Mental Health Ctr., Inc.*, 186 Ariz. 97, 101, 919 P.2d 1368, 1372 (App.1995)). Mindful of the liberty interests at stake, we narrowly construe civil commitment statutes. *Id.* (citing *In re MH 2006–000490*, 214 Ariz. 485, 488, ¶ 10, 154 P.3d 387, 390 (App.2007)); *see also In re MH–201000029*, 225 Ariz. 500, 501,

¶ 5, 240 P.3d 1262, 1263 (App.2010), *rev. denied* (Apr. 19, 2011) (quoting *In re Burchett*, 23 Ariz.App. 11, 13, 530 P.2d 368, 370 (1975)) ("A lack of strict compliance 'renders the proceedings void.' ").

■ ¶ 8 "[W]e view the evidence in the light most favorable to sustaining the order," *In re MH 2008–000438*, 220 Ariz. 277, 278, ¶ 6, 205 P.3d 1124, 1125 (App.2009) (citing *Cimarron Foothills Cmty. Ass'n v. Kippen*, 206 Ariz. 455, 457, ¶ 2, 79 P.3d 1214, 1216 (App.2003)), and determine whether the State met its burden of proof by clear and convincing evidence. *See* A.R.S. § 36–540(A) (West 2012). Even if the court properly applied the law, we may vacate a decision based on factual findings that are either "clearly erroneous or unsupported by substantial evidence." *MH 2006–000749*, 214 Ariz. at 321, ¶ 13, 152 P.3d at 1204 (citing *In re MH 94–00592*, 182 Ariz. 440, 443, 897 P.2d 742, 745 (App.1995)).

### B. Sufficiency of the Affidavit

■ ¶ 9 Appellant argues that the commitment order is void as a matter of law because the statutory criteria in A.R.S. § 36–533(B) (West 2010)[6] were not satisfied. A petition for involuntary treatment

> shall be accompanied by the affidavits of the two physicians who conducted the examinations during the evaluation period.... The affidavits of the physicians shall describe in detail the behavior which indicates that the person, as a result of mental disorder, is a danger to self or to others, is persistently or acutely disabled or is gravely disabled and *shall be based upon the physician's examination of the patient and the physician's study of information about the patient. A summary of*

---

4. Unless indicated otherwise, we cite the current version of a statute if no revisions material to this decision have occurred since the hearing and order.

5. Although Appellant's court-ordered treatment may soon be completed, we may decide an issue that is moot if it is "capable of repetition but evades review" and concerns a matter of statewide importance. *In re Commitment of Alleged Mentally Disordered Pers.*, 181 Ariz. 290, 292, 889 P.2d 1088, 1090 (1995) (citing *Sherrill v. Dep't of*

*Transp.*, 165 Ariz. 495, 497, 799 P.2d 836, 838 (1990); *In re MH 92–020*, 176 Ariz. 616, 617, 863 P.2d 908, 909 (App.1993)). Furthermore, Appellant has an interest in the resolution of this matter. *See In re MH 2007–001236*, 220 Ariz. 160, 165 n. 3, ¶ 12, 204 P.3d 418, 423 n. 3 (App.2008).

6. Sections 36–501(14), –533(B), and –539(B) were amended effective April 25, 2011. *See* 2011 Ariz. Sess. Laws, ch. 219, § 2 (1st Reg. Sess.).

*the facts which support the allegations of the petition shall be included.*

*Id.* (emphasis added). In the context of mental health proceedings, an examination consists of "an exploration of the person's past psychiatric history and of the circumstances leading up to the person's presentation, a psychiatric exploration of the person's present mental condition and a complete physical examination." A.R.S. § 36–501(14) (West 2010). The evaluating physician must personally conduct the comprehensive exam and prepare an affidavit that includes the physician's personal observations of the "behavior that may have indicated the presence of mental illness." *MH 2008–000438*, 220 Ariz. at 279, ¶¶ 11, 14, 205 P.3d at 1126; A.R.S. § 36–533(B). Furthermore, to meet the clear and convincing evidentiary standard, the physician's opinion must be "expressed to a reasonable degree of medical certainty." *MH 2007–001236*, 220 Ariz. at 169, ¶ 29, 204 P.3d at 427.

¶ 10 Appellant first contends that Dr. Parker's hurried attempt to interview her did not constitute an "examination of the patient" and therefore renders his affidavit legally deficient. *See* A.R.S. §§ 36–501(14), –533(B). We agree. Although there are circumstances when the examination requirement may be excused, those facts are not present here. *Compare In re MH–1140–6–93*, 176 Ariz. 565, 568, 863 P.2d 284, 287 (App.1993) (physician not required to "engage in a confrontation with a mentally ill patient or have the patient physically restrained" to conduct an examination) *with MH 2008–000438*, 220 Ariz. at 281, ¶ 18, 205 P.3d at 1128 (proceedings based on affidavit submitted without further effort to examine a patient whose medicated state precluded attempted examination void for non-compliance).

¶ 11 We are not persuaded by the State's argument that requesting an attorney relieves the evaluating physician of the obligation to conduct an examination.[7] *See MH 94–00592*, 182 Ariz. at 446, 897 P.2d at 748 (statutory requirement excused only if clear and convincing proof demonstrates compliance was impracticable). Whereas "exces-

sive verbal abuse, physical abuse, repeatedly walking away when the physicians attempt to discuss the matters, or nonresponsiveness" constitutes conduct that excuses further attempts to examine a patient, *id.*, Dr. Parker ended the interview with Appellant even though she had not demonstrated a similar refusal to participate. *See also MH 2007–001236*, 220 Ariz. at 167 n. 10, ¶ 22, 204 P.3d at 425 n. 10 (citing *MH–1140–6–93*, 176 Ariz. at 567–68, 863 P.2d at 286–87) (patient cannot thwart examination and later claim State did not meet its burden). We find that Appellant did not frustrate the examination in a manner that made a later attempt to conduct the interview futile. Indeed, the fact that she agreed to speak with Dr. Leet after the purpose of the interview was explained to her suggests that an examination was not impracticable.

¶ 12 Dr. Parker testified that the time constraints of dictating his report and getting it to the transcriber so that it could be timely filed precluded him from making any further attempts to examine Appellant. Time constraints, however, do not excuse strict compliance with the statute. *See MH 2008–000438*, 220 Ariz. at 280, ¶ 18, 205 P.3d at 1127; *see also In re Commitment of Alleged Mentally Disordered Pers.*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995) (even "difficult and time consuming" statutory requirements warrant strict compliance). The doctor did not conduct an examination and submitted an affidavit devoid of a detailed description of the observed behavior that led him to conclude Appellant was persistently or acutely disabled, as required by § 36–533(B). As a result, the affidavit did not comply with the statute.

## C. Sufficiency of the Evidence

¶ 13 Appellant next argues that the evidence did not demonstrate that she was persistently or acutely disabled because Dr. Parker's testimony did not provide specific facts to support his diagnoses.[8] In order to prove that a patient is persistently or acutely disabled, the State must establish that the alleged mental disorder:

---

7. An emergency patient who is detained for the purpose of a court-ordered evaluation has the

right to consult an attorney. A.R.S. § 36–528(D) (West 2012).

8. Appellant also argues that the court erred by

(a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality. (b) Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person. (c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

A.R.S. § 36–501(33). "[T]he bare assertion that the statutory criterion was met, without any explication of the facts that show it was met, does not constitute 'clear and convincing evidence.'" *MH 94–00592*, 182 Ariz. at 447 n. 4, 897 P.2d at 749 n. 4 (citing *State v. Renforth*, 155 Ariz. 385, 387, 746 P.2d 1315, 1317 (App.1987)).

¶ 14 Dr. Parker's affidavit did not contain any facts to support his conclusion that Appellant was "incapable of having good judgment, reasoning, or capacity to recognize reality" and that she was unable to make an informed decision regarding treatment.[9] Such conclusory statements, without more, are insufficient to meet the statutory requirements. *Id.* Furthermore, Dr. Parker did not provide any facts at trial to support his conclusions about Appellant's mental health. *See MH 2007–001236*, 220 Ariz. at 167, ¶ 20, 204 P.3d at 425 (citing *MH 2006–000490*, 214 Ariz. at 488–89, ¶ 13, 154 P.3d at 390–91)

(testimony at hearing may cure deficient affidavit). Thus, his testimony did not resolve the defects in his affidavit, and Dr. Leet's "sole affidavit is not enough to meet the statutory burden." *Id.* at 170, ¶ 32, 204 P.3d at 428 (citing A.R.S. §§ 36–501(12)(a), (33), –533(B), –539(B), and –540(A)).

¶ 15 Although the court accepted Dr. Parker's conclusions to support its findings and order, because the affidavit was legally insufficient the involuntary treatment order was not based on substantial evidence and is void. Consequently, we vacate the order.

## CONCLUSION

¶ 16 Based on the foregoing, the involuntary treatment and commitment order is vacated.

CONCURRING: ANN A. SCOTT TIMMER and ANDREW W. GOULD, Judges.

---

admitting Dr. Parker's affidavit over her objection. The court did not abuse its discretion when it admitted the affidavit in addition to the doctor's testimony. *See MH 2007–001236*, 220 Ariz. at 167, ¶ 20, 204 P.3d at 425 (citing *In re MH 2006–000490*, 214 Ariz. 485, 488–89, ¶ 13, 154 P.3d 387, 390–91 (App.2007)) (physician may testify to cure defects in affidavit); *see also* A.R.S. § 36–539(D) (West 2012) (all rules of evidence not inconsistent with subsection (B) apply in civil commitment proceedings); *Waddell v. Titan Ins. Co.*, 207 Ariz. 529, 536, ¶ 28, 88 P.3d 1141, 1148 (App.2004) (citing *Elia v. Pifer*, 194

Ariz. 74, 79, ¶ 22, 977 P.2d 796, 801 (App.1998)) (appellate court reviews evidentiary rulings for an abuse of discretion).

9. Appellant also argues that Dr. Leet's affidavit is similarly deficient. We need not address this issue in light of the fact that Dr. Parker's affidavit and testimony were insufficient to support the court's commitment order. *See MH 2007–001236*, 220 Ariz. at 170–71, ¶ 32, 204 P.3d at 428–29 (citations omitted).