NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN THE MATTER OF LARRY B.

No. 1 CA-MH 13-0089
FILED 05-29-2014

---

Appeal from the Superior Court in Mohave County
No. S8015MH201300045
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Mohave County Attorney's Office, Kingman
By Dolores H. Milkie
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Diane S. McCoy
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

---

**G O U L D**, Judge:

¶1 Appellant Larry B. appeals from the trial court's order for involuntary commitment. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Appellant was admitted to the Mohave Mental Health Clinic after his wife filed an application for a court-ordered evaluation pursuant to Arizona Revised Statutes ("A.R.S.") section 36-520. A few days later, a petition for involuntary treatment was filed. The petition was supported by the affidavits of two physicians, Doctors Calvin Flowers and Michael Tofani. Both doctors opined that Appellant was persistently or acutely disabled, a danger to others, and a danger to himself.[1]

¶3 A commitment hearing was held on December 3, 2013. Flowers testified at the hearing; however, the parties stipulated to the admission of Tofani's affidavit in lieu of his testimony. At the conclusion of the hearing, the court determined that Appellant was a danger to self and others, was persistently and acutely disabled, and was unwilling or unable to accept voluntary treatment. The court ordered Appellant to undergo combined in-patient and out-patient treatment. Appellant filed a timely appeal.

---

[1] The first line of Tofani's affidavit states, "Calvin Flowers, M.D., Medical Director, being first duly sworn, deposes and states. . . ." The parties agree that this is a typographical error, and that the affidavit, which is signed by Tofani, is in fact Tofani's affidavit.

**DISCUSSION**

¶4        The State must prove a patient's need for court-ordered treatment by clear and convincing evidence.  A.R.S. § 36-540(A).[2]  A trial court's factual findings supporting a civil commitment order "will not be set aside unless clearly erroneous or unsupported by substantial evidence."  *In re MH 2007–001236,* 220 Ariz. 160, 165, ¶ 15, 204 P.3d 418, 423 (App. 2008).    However, we review *de novo* issues concerning interpretation of the statutory requirements for civil commitment proceedings.  *In re MH 2011-000914*, 229 Ariz. 312, 314, ¶ 7, 275 P.3d 611, 613 (App. 2012); *MH 2007–001236,* 220 Ariz. at 165, ¶ 15, 204 P.3d at 423.  Because involuntary treatment proceedings may result in a serious deprivation of a person's liberty interests, the statutory requirements for such proceedings must be strictly construed.  *MH 2007–001236, 220 Ariz.* at 165, ¶ 15, 204 P.3d at 423.

I.        Tofani's Affidavit

¶5        Appellant contends that Tofani's affidavit is insufficient to support the trial court's findings that he is suffering from a mental disorder, is persistently or acutely disabled, is a danger to himself and others, and is in need of treatment.

¶6        The evidence presented at a commitment hearing "shall include . . . [the] testimony of . . . two physicians who participated in the evaluation of the patient."  A.R.S. § 36-539(B).  The testimony of the physicians "may be satisfied by [the parties] stipulating to the admission" of the physician's affidavits that were submitted in support of the petition for court-ordered treatment.  *Id*; *see* A.R.S. § 36-537(D) (providing that an attorney "may enter stipulations on behalf of the patient" at civil commitment hearing).    A physician's affidavit must include the physician's "opinion[s] concerning whether the patient is, as a result of mental disorder, a danger to self or to others, is persistently or acutely disabled or is gravely disabled and . . . whether the patient requires treatment."  A.R.S. § 36-539(B); *see* A.R.S. § 36-533(B).  The affidavit must "describe in detail the behavior that indicates that the person, as a result of mental disorder, is a danger to self or to others, is persistently or acutely disabled or is gravely disabled."  A.R.S. § 36-533(B); *see* A.R.S. § 36-539(B)

---

[2]        Absent material revisions, we cite to the current version of applicable statutes.

(stating that a physician's testimony at a commitment hearing "shall state specifically the nature and extent of the danger to self or to others, the persistent or acute disability or the grave disability"). Thus, conclusory statements and general assertions, "without more, are insufficient to meet the statutory requirements" for a civil commitment. *MH 2011-000914*, 229 Ariz. at 316, ¶ 14, 275 P.3d at 615.

¶7 The opinions in a physician's affidavit cannot be tentative or equivocal; opinions must be "expressed to a reasonable degree of medical certainty or probability." *MH 2007-001236*, 220 Ariz. at 169, ¶ 29, 204 P.3d at 427. However, a physician's affidavit is not insufficient or inadmissible merely because he fails to include the specific words "reasonable degree of medical probability or certainty." *Id.* at 169-70, ¶ 30, 204 P.3d at 427-28. Rather, the trier of fact must decide, based on all of the evidence, whether the physician's opinions have been expressed to a reasonable degree of medical certainty or probability. *Id.*

   A.     Admissibility of Attachments

¶8 Appellant argues that the documents attached to Tofani's affidavit should not have been considered by the trial court as part of his affidavit.[3] Appellant does not contend the attachments are hearsay, lack authentication or are otherwise inadmissible, nor does Appellant argue that the attachments were improperly admitted in lieu of Tofani's testimony. *See In re MH 2009-001264*, 224 Ariz. 270, 229 P.3d 1012 (App. 2010) (discussing due process considerations involved in admitting physician affidavits in place of live testimony). Rather, Appellant asserts that the parties' stipulation only included the page entitled, "Affidavit," and did not include any of the documents attached to this page. In contrast, the State asserts that the attached documents were part of the affidavit Tofani submitted in support of the petition for court-ordered treatment, and that all of these documents were included in the parties' stipulation.

¶9 We review a trial court's decision regarding the admission of evidence for an abuse of discretion. *MH 2011-000914*, 229 Ariz. at 315, ¶ 13 n.8, 275 P.3d at 614 n.8; *Waddell v. Titan Ins. Co.*, 207 Ariz. 529, 536, ¶ 28, 88 P.3d 1141, 1148 (App. 2004).

---

[3]    The attachments consist of the following documents: "Persistently or Acutely Disabled (Addendum No. 1)"; "Client Progress Notes"; a form entitled "Client Progress Note"; and a list of Appellant's medications.

¶10        When Appellant's counsel entered the stipulation at the hearing, he did not object to the admission of the attachments, nor did he urge the court to disregard or remove the attachments from the "Affidavit" page.  As a result, Appellant has waived any objection to the admission of the attachments as part of Tofani's affidavit.  *MH 2009-001264*, 224 Ariz. at 272, ¶ 7, 229 P.3d at 1014; *In re MH 2007-001264*, 218 Ariz. 538, 540, ¶ 16, 189 P.3d 1111, 1113 (App. 2008).  Accordingly, we conclude the trial court properly considered the documents attached to the "Affidavit" page in reaching its decision.

        B.        Sufficiency of Tofani's Affidavit

¶11        Appellant asserts there are several deficiencies in Tofani's affidavit.  First, Appellant argues that Tofani's opinion that he suffers from a mental disorder is not expressed to a reasonable degree of medical certainty or probability.  Appellant bases this argument on Tofani's statement that Appellant is "suffering from a mental disorder diagnosed as Schizophrenic Paranoid Type (Probable Diagnosis)."

¶12        Although Tofani does not use the specific phrase, "reasonable degree of medical certainty or probability," when read as a whole, Tofani clearly diagnoses Appellant as suffering from a mental disorder, specifically, Schizophrenic Paranoid Type.  A.R.S. § 36-539(B).  We find no error.

¶13        Appellant also claims that Tofani's affidavit lacks specificity as to the basis for his diagnosis.  We disagree.  Tofani bases his diagnosis on Appellant's "[p]resentation of psychotic symptoms with paranoid delusional thoughts, auditory hallucinations and threatening behavior to others."  Tofani notes that Appellant has a past history of "recurrent paranoid psychotic symptoms and multiple past hospitalizations," and that prior to his current hospitalization he had been taken to jail for threatening to "stab someone."

¶14        Appellant also claims Tofani's affidavit is deficient because it does not address the statutory elements required to show he is persistently or acutely disabled.  A.R.S § 36-501(32)(b).  Appellant asserts Tofani's affidavit fails to show (1) he lacked the capacity to make an informed decision about the advantages and disadvantages of accepting treatment, as well the alternatives to treatment, and (2) there is a reasonable prospect he is treatable by outpatient, inpatient or combined inpatient and outpatient treatment.  *Id.*

¶15 Our review of Tofani's affidavit shows that he addresses Appellant's impaired capacity to make informed decisions about treatment. Tofani states that Appellant has no "insight into how he got back into this position," and is "unable to offer a plan to get out of it." Tofani goes on to state that "all available alternatives have been investigated and deemed inappropriate" based on "multiple attempts at [outpatient] treatment which is much less restrictive," and that these attempts have failed "due to repeated noncompliance with therapeutic medication and substance use." Tofani opines that Appellant's severe mental disorder substantially impairs his capacity to make informed decisions regarding treatment based on the fact Appellant "demonstrates no insight into his illness or how to care for it and has markedly impaired judgment preventing him from making informed decisions."

¶16 Tofani further states that Appellant "does not appear to be able to understand and retain the significance of maintaining treatment which has been helpful to him in the past," and that Appellant's "complete lack of insight into his illness and the complications provided by substance use impairs his ability to make [a] meaningful determination to continue treatment and avoid substance use." As an example of Appellant's lack of insight, Tofani notes that Appellant minimizes his substance abuse and "offers no plan on how he will be able to stay clean other than relying on his brothers." Tofani also testifies that there is a reasonable prospect Appellant is treatable, but "only with complete [abstinence]" from substance abuse. Accordingly, we conclude Tofani's affidavit establishes that Appellant is persistently or acutely disabled pursuant to A.R.S. § 36-501 (32)(b).

¶17 Next, Appellant claims that Tofani's affidavit is insufficient to show he is a danger to others. A.R.S. § 36-501(5). The record does not support Appellant's argument. In his affidavit, Tofani notes Appellant's "agitation and threatening behavior," and "threatening behavior towards others." Tofani also states that Appellant is currently hospitalized because he threatened to "stab someone." Based on this incident, the police took Appellant to jail, he is facing "possible assault charges," and his wife has obtained an order of protection against him.

¶18 Finally, Appellant asserts that Tofani's statement Appellant suffers from suicidal ideation lacks the requisite specificity to show he is a danger to himself. A.R.S. § 36-501(6). We disagree.

¶19 Tofani opines Appellant is a danger to himself, noting that "[h]e appears overwhelmed by his emotions, presently feeling hopeless

and thinking about suicide," and "present reference to suicidal ideation." Tofani states Appellant is experiencing auditory hallucinations, paranoid and delusional thoughts, and is using methamphetamine. Tofani also reports Appellant's statement, "I think about killing myself if I cannot see my kids."

¶20 Based on our review of Tofani's affidavit, we conclude it (1) meets the requirements of A.R.S. §§ 36-539(B) and 36-533(B), and (2) provides sufficient evidence to support the trial court's findings that Appellant is suffering from a mental disorder, is persistently or acutely disabled, constitutes a danger to himself and others, and requires treatment.

II.     Flowers' Testimony

¶21 Appellant also argues that Flowers' testimony is insufficient to prove he is a danger to others and that he requires treatment.[4] Appellant contends that Flowers' testimony lacked specificity on these issues, and that contrary to a finding he was a danger to others, Flowers testified that Appellant has "no thoughts of harm" to others.

¶22 Flowers testified that Appellant's auditory hallucinations cause him to act out and behave in a manner that is dangerous to himself and others. Flowers stated Appellant has poor impulse control, and that he reasonably expects Appellant's behavior will result in physical harm to others because he tends to have violent thoughts and make threats to his family. Flowers noted that prior to his current hospitalization Appellant had been incarcerated for an incident of domestic violence. Flowers testified on cross-examination Appellant "continues to have violent thoughts and has asked for stronger medications on several occasions to help combat the auditory hallucinations which prompt the violent thoughts towards himself and others."

¶23 Flowers also testified about Appellant's need for treatment. Flowers testified "there's a high likelihood" that without "a combination of inpatient and outpatient [treatment] and psychiatric medications,"

---

[4]     Appellant also argues that Flowers' affidavit was insufficient to show he is a danger to others and that he requires treatment. We do not, however, consider Flowers' affidavit in reviewing the sufficiency of the evidence because it was not admitted as an exhibit at the commitment hearing.

Appellant would "suffer severe and abnormal mental, emotion[al] or physical harm" that would "significantly impair[] [his] judgment, reason, behavior or capacity to recognize reality." However, Flowers opined that with treatment there is a very good chance Appellant's symptoms will be "reduced." Flowers stated that he discussed with Appellant the advantages of treatment, including a "reduction in psychotic symptoms of the auditory hallucinations . . . improvement in overall functioning . . . the reduction in aggressive behaviors and thoughts and the ability to integrate back into the community." Flowers also advised Appellant that the primary disadvantage of treatment was the side effects of antipsychotic medications.

¶24            Flowers testified that he discussed alternative treatment placements with Appellant, which consisted of "doing nothing" and possible voluntary treatment, and the risk that these alternatives would result in relapse and future hospitalization. Flowers testified that Appellant had difficulty understanding these alternatives due to the "acute nature" of his "psychotic symptoms." Ultimately, Flowers concluded that Appellant had no willingness or ability to undergo voluntary treatment, and that he lacked the capacity to make an informed decision about his treatment.

¶25            Our review of the record shows that Flowers provided sufficient evidence that Appellant is a danger to others and in need of treatment.

**CONCLUSION**

¶26        For the reasons discussed above, we conclude the trial court's order for involuntary treatment was supported by substantial evidence.  We therefore affirm.



Ruth A. Willingham · Clerk of the Court
FILED: gsh