NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

IN RE: MH2019-007059

No. 1 CA-MH 19-0089

FILED 9-29-2020

Appeal from the Superior Court in Maricopa County
No. MH2019-007059
The Honorable Julia Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo
*Counsel for Appellee*

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

¶1        Appellant appeals a superior court order requiring he undergo involuntary inpatient mental health treatment.  He argues the grounds for such order were not proven by clear and convincing evidence.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In September 2019, the Medical Director at Desert Vista Hospital Behavioral Health Center submitted a petition for court-ordered evaluation of Appellant following a screening evaluation and the recommendation of a social worker at the Behavioral Health Center.  That petition noted Appellant's history of methamphetamine use, paranoia, delusions, a lack of insight into his mental health status, and current refusal to take prescribed medications.

¶3        Following a court-ordered evaluation of Appellant, Dr. Aaron Riley concluded Appellant met DSM-5 criteria for psychotic disorders.  In the evaluation, Appellant denied he was suffering from any psychotic disorder but claimed to have overturned a Ninth Circuit court case that resulted in a $40 million settlement to be deposited on his Electronic Benefit Transfer card.  Appellant denied all psychiatric symptoms, stated his prescribed medications were unnecessary, and continued to refuse to take the medication.  Dr. Riley noted that Appellant's family reported Appellant had experienced persistent psychotic symptoms for the past two years and that he exhibited aggressive and threatening tendencies in the home.

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4          Dr. Riley filed a petition for court-ordered treatment of Appellant in October 2019, supported by an affidavit outlining his evaluation of Appellant's mental status and summarizing the other relevant information gathered to date concerning Appellant's mental health history and status.  The affidavit documents Dr. Riley's diagnosis that Appellant has an Unspecified Psychotic Disorder and Psychoactive Substance Use Disorder, rendering Appellant both persistently or acutely disabled and a danger to others.  Dr. Riley recommended involuntary treatment based on the persistence of Appellant's symptoms and Appellant's continued agitated state while at the Behavioral Health Center.

¶5          Dr. Lydia Torio also met with Appellant, but her evaluation session with Appellant was interrupted by an unrelated patient emergency.  When Dr. Torio returned to complete Appellant's evaluation she was unable to proceed because Appellant refused to cooperate, despite multiple attempts by Dr. Torio to reengage Appellant.  Accordingly, Dr. Torio completed the evaluation based upon Appellant's hospital chart documentation and available mental health records and submitted an admissible affidavit.[2]  In her affidavit, Dr. Torio noted Appellant's refusal to take medications and  to participate in diagnostic laboratory work, and his fear of mental health assessments, stating that doctors do not have permission to read Appellant's mind.  Dr. Torio diagnosed Appellant with Unspecified Psychotic Disorder, opined that Appellant was a danger to others and was persistently or acutely disabled and concluded that, under these circumstances, involuntary treatment was the only viable option to provide appropriate care to Appellant.

¶6          Appellant requested a hearing regarding the court-ordered evaluation which was held on October 2, 2019.  Based on the petition and supporting affidavits, the court found reasonable cause to believe that, as a result of a mental disorder, Appellant was persistently or acutely disabled and a danger to others.  Appellant was ordered detained pending involuntary inpatient evaluation.

---

[2]     While Arizona Revised Statutes ("A.R.S.") section 36-539(B) requires physicians to conduct an evaluation, physicians need not engage in a confrontation with the patient or have the patient restrained to fulfill this requirement.  *In re Pima Cnty. No. MH-1140-6-93*, 176 Ariz. 565, 568 (App. 1993); *see In re MH2011-000914*, 229 Ariz. 312, 315, ¶ 11 (App. 2012) (holding patient cannot thwart examination and later claim State did not meet its burden).

**¶7**        An evidentiary hearing regarding the petition for court-ordered treatment was conducted on October 8, 2019.  Prior to attending the hearing, Appellant was evaluated and determined to be clear of any medications that might hamper his ability to participate in the hearing.[3]

**¶8**        Both parties agreed to the admission of Drs. Riley's and Torio's affidavits and Appellant's 72-hour medication affidavit; however, Appellant reserved any objections to statutory compliance or to the conclusions contained in the affidavits.  The court also heard testimony from two hospital nurses involved in Appellant's care at the Behavioral Health Center.  These witnesses testified to Appellant's demonstrated and continuing signs of mental disorder, including incoherent conversations, outbursts, irritability, aggression, self-talk, delusional comments, and refusal to take prescribed medications.[4]  Appellant did not offer any contravening expert testimony, but did testify regarding his understanding of the nature of the hearing and his assessment of his mental health status.

**¶9**        At the conclusion of the hearing, the court dismissed the danger-to-others allegation for insufficient evidence and proceeded to rule on the persistent-or-acute-disability allegation.  Based on the evidence presented, the court found Appellant was suffering from a mental disorder, was persistently and acutely disabled and was in need of but unwilling to accept voluntary psychiatric treatment.  Accordingly, the court ordered Appellant to undergo 180 days of inpatient treatment.

---

[3]        At the start of the hearing, Appellant requested to represent himself in lieu of his appointed attorney.  Appellant acknowledged he had a right to have an attorney present, but argued he had a background in paralegal studies that provided him adequate insight into the proceedings.  The court initially granted Appellant's request to proceed *pro per*.  But, after outbursts by the Appellant, the court reviewed Appellant's medication affidavit, found a history of non-compliance, and reversed its prior ruling and reappointed Appellant's attorney.

[4]        To the extent Appellant suggests the nurses' testimony lacked foundation and/or was insufficient to support the court's ultimate finding, we note "acquaintance" witnesses are only required to have relevant knowledge of the alleged mental disorder, *In re MH2012-002480*, 232 Ariz. 421, 423, ¶ 9 (App. 2013), and familiarity with the patient at the time the mental disorder was alleged.  *In re Coconino Cnty. No. MH 1425*, 181 Ariz. 290, 292 (1995).

¶10        Appellant filed a timely notice of appeal from the treatment order.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 36-546.01.

**ANALYSIS**

*I.        Mootness*

¶11        Appellant's court-ordered treatment expired on April 6, 2020, and he has completed his 180-day confinement term.  As such, Appellee argues this appeal became moot during the appellate process and should be dismissed.

¶12        Generally, appellate courts will not consider moot questions.  *Slade v. Schneider*, 212 Ariz. 176, 179, ¶ 15 (App. 2006).  In our discretion, however, we may choose to address a moot question when the order at issue entails collateral consequences that will continue to affect a party.  *In re M.H. 2007-001236*, 220 Ariz. 160, 165, ¶ 12 n.3 (App. 2008).  We exercise that discretion in light of the potential collateral consequences of an involuntary treatment order upon Appellant's future interests and, unless otherwise stated, we consider the merits of Appellant's arguments in this appeal.

*II.        Sufficiency of Evidence*

¶13        Appellant argues the evidence was insufficient to support an order for involuntary treatment.  Appellant contends that Appellee did not prove the elements of subsection (a) of § 36-501(32) by clear and convincing evidence because the evidence submitted did not establish that a "significant impairment" would persist if Appellant were left untreated.  We disagree.

¶14        We generally review the superior court's decision for an abuse of discretion and will not vacate an order for involuntary treatment unless it is clearly erroneous or unsupported by substantial evidence.  *Id.* at ¶ 15; *MH-1140-6-93*, 176 Ariz. at 566.

¶15        To order involuntary treatment, the court must, among other statutory requirements, find by clear and convincing evidence that a patient "has a persistent or acute disability" resulting from a mental disorder, for which the patient is unwilling or unable to accept voluntary treatment.  A.R.S. § 36-540(A).  To find that the clear and convincing standard has been met, the record must contain all statutorily required information, including

medical evidence describing the patient's disorder to a reasonable degree of medical certainty. *M.H. 2007-001236*, 220 Ariz. at 164, ¶ 10.

**¶16** A physician's finding of "persistent or acute disability" must meet the definitional criteria provided in A.R.S. § 36-501(32).[5] The inclusion of a "significant" impairment in the statute generally limits a physician's finding of persistent or acute disability to instances where an untreated disorder has the probability of rising to a level of harm that would impair the individual's judgment or capacity to recognize reality. *In re Maricopa Cnty. MH 90-00566*, 173 Ariz. 177, 183 (App. 1992).

**¶17** Here, the physicians' affidavits established Appellant was disabled based on clinical interviews, family input, and chart review demonstrating the patient was experiencing on-going paranoia, delusional thinking, hallucinations, and disorganized thought. The evidence, including the testimony from the nurses, was replete with reported instances of Appellant's past and continuing diminished capacity to recognize reality, including the beliefs that he won millions of dollars from the Powerball lottery and that he won a $40 million settlement from overturning a Ninth Circuit case. The record also shows Appellant engaged in dangerous behavior such as "holding onto knives in his home because

---

[5] A "persistent or acute disability" as defined in § 36-501(32) is one that:

 (a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.

 (b) Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

 (c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

he thinks people are following him." The affidavits and other testimony established that Appellant was refusing to follow his treatment plan and felt that medications prescribed for his safety and mental health were unnecessary. The physicians reasonably concluded that, without treatment, Appellant would continue to suffer. On this record, substantial evidence supports the court's finding that Appellee established the probability for potential harm arising from Appellant's impaired judgment and demonstrated inability to recognize reality.

## CONCLUSION

¶18 For the foregoing reasons, we affirm the superior court's order for Appellant's involuntary mental health treatment.



AMY M. WOOD • Clerk of the Court
FILED: AA

7