NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: MH2020-001988

No. 1 CA-MH 20-0038
FILED 10-29-2020

Appeal from the Superior Court in Maricopa County
No. MH2020-001988
The Honorable Steven K. Holding, Judge *Pro Tempore* (retired)

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Anne Phillips
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1         Appellant appeals a superior court treatment order requiring him to undergo involuntary inpatient treatment for up to 180 days. For the following reasons, we affirm the court's order.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2         On March 2, 2020, two City of Phoenix police officers responded to a call of a subject with a knife at a Greyhound bus station. When the officers arrived, they found the Appellant sitting alone reading in the station's cafeteria area. Upon questioning by one of the officers, Appellant made several rambling, incoherent statements. However, he admitted to drawing a knife to protect himself from people he believed were following him. The bus station's security personnel had wrestled the knife away from Appellant after he displayed it. The officers retrieved Appellant's knife. Based on their observations and the discussions with the other witnesses, the officers took Appellant for a mental-health evaluation at Urgent Psychiatric Care ("UPC"). While transporting and admitting Appellant to UPC, the officers again observed Appellant make rambling, incoherent statements. Following a screening evaluation, the Deputy Medical Director of UPC petitioned for a court-ordered evaluation of Appellant, which the court granted.

¶3         Over the next two days, Dr. Raghu Devabhaktuni and Dr. John Kingsley separately evaluated Appellant. In his evaluation, Dr. Devabhaktuni noted that upon admission, Appellant had tested positive for methamphetamine, amphetamine, and THC, but opined that Appellant's behaviors were "indicative of psychiatric illness, rather than his past medical problems." While interviewing Appellant, Dr. Devabhaktuni observed Appellant's speech "was disorganized, pressured, tangential with

---

[1]         We view the facts in the light most favorable to upholding the court's ruling. *In re MH2009-002120*, 225 Ariz. 284, 290, ¶ 17 (App. 2010).

flight of ideas," and that his "thought process was disorganized, [and] easily distracted." He also observed that Appellant "voiced paranoid ideas" and "displayed behavior highly suggestive of internal stimulation, having auditory and visual hallucinations."

¶4        Dr. Devabhaktuni also noted Appellant displayed symptoms such as "agitation, pulling out a knife, threatening behaviors, mood swings, paranoia, hallucinations, . . . poor impulse control and self-destructive behaviors." Finally, Dr. Devabhaktuni recounted that Appellant admitted to being previously hospitalized in 1987 for a nervous breakdown. Appellant stated he had been on medication for over 10 years for his nerves but stopped taking his medications and did not believe he needed further treatment.

¶5        Based on his findings and observations, Dr. Devabhaktuni diagnosed Appellant with Bipolar I disorder, mixed episode with psychotic features, and amphetamine- and cannabis-use disorders. The doctor concluded Appellant was a danger to self and others and persistently or acutely disabled. Based on his diagnosis, Dr. Devabhaktuni recommended Appellant undergo involuntary psychiatric treatment.

¶6        During his evaluation and interview with Appellant, Dr. Kingsley found Appellant's thought process to be "mildly disorganized." Dr. Kingsley noted that although Appellant "denied perceptual disturbances or psychosis, he talked about religious themes, evil, and spirits," and "appeared suspicious and paranoid." When Dr. Kingsley questioned Appellant, he acknowledged his psychiatric treatment in 1987 but denied having a mental illness or needing medication. Finally, while Dr. Kingsley noted Appellant's history of substance abuse, he opined that "no general medical condition [was] thought to be responsible for [Appellant's] psychiatric presentation."

¶7        Based upon his observations, Dr. Kingsley found that Appellant presented "with a disturbance of thought and mood with prominent psychotic symptoms." Dr. Kingsley diagnosed Appellant with Unspecified Schizophrenia Spectrum and Other Psychotic Disorder. Dr. Kingsley found Appellant was a danger to others and persistently or acutely disabled and recommended Appellant undergo involuntary treatment.

¶8        Dr. Devabhaktuni petitioned for court-ordered treatment, alleging Appellant was a danger to others and persistently or acutely disabled due to a mental disorder. *See* Ariz. Rev. Stat. ("A.R.S.")

§ 36-540(A). Attached to the petition were Dr. Devabhaktuni's and Dr. Kingsley's affidavits detailing their evaluations, findings, and recommendations.

¶9 At the beginning of the court hearing, the parties stipulated to the physicians' affidavits' admission. The court then heard testimony from the two officers, who each recounted their observations of Appellant's behavior and the bus station's events. Appellant did not offer expert testimony to rebut the doctors' findings but testified about his assessment of his mental health and version of the bus station's events. Appellant denied that he had made many of the statements attributed to him by the officers and evaluating physicians.

¶10 The court dismissed the danger-to-others allegation but found clear and convincing evidence that Appellant was persistently or acutely disabled due to a mental disorder and needed but was unwilling or unable to accept voluntary psychiatric treatment. The court ordered Appellant to undergo involuntary inpatient treatment for up to 180 days. Appellant appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 36-546.01.

## DISCUSSION

¶11 As a threshold matter, the State asserts this case is moot because the 180-day period of treatment ordered by the court has passed. Appellate courts generally do not consider moot questions. *Slade v. Schneider*, 212 Ariz. 176, 179, ¶ 15 (App. 2006). We may address an otherwise moot order, however, if it presents an issue "capable of repetition yet evading review" or "if the consequences of that order will continue to affect a party." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶¶ 5, 9 (App. 2012). Given the possibility that Appellant may face involuntary treatment in the future and the potential collateral consequences of having an involuntary-treatment order on his record, we find both exceptions apply and consider the appeal's merits. *See In re MH2011-000914*, 229 Ariz. 312, 314, ¶ 6, n.5 (App. 2012) (citing *In re MH2007-001236*, 220 Ariz. 160, 165, ¶ 12, n.3 (App. 2008)).

¶12 Appellant's sole argument on appeal is that the evidence presented at the hearing was insufficient to establish that he had a mental disorder. Appellant asserts his condition was caused by methamphetamine abuse, and he "did not need psychiatric mental health treatment and forced medications." We review an involuntary-treatment order "to determine whether it is supported by substantial evidence" and will not set aside the

court's findings "unless they are clearly erroneous or unsupported by any credible evidence." *In re Mental Health Case No. MH 94-00592*, 182 Ariz. 440, 443 (App. 1995).

¶13        Under A.R.S. § 36-540(A), the superior court shall order an individual to undergo involuntary mental-health treatment if it "finds by clear and convincing evidence that the proposed patient, *as a result of mental disorder*, is a danger to self, is a danger to others, has a persistent or acute disability or a grave disability and is in need of treatment, and is either unwilling or unable to accept voluntary treatment." (Emphasis added.) A mental disorder "means a substantial disorder of the person's emotional processes, thought, cognition or memory." A.R.S. § 36-501(25). But it does not include "conditions that are primarily those of drug abuse, alcoholism, or intellectual disability, unless, in addition to one or more of these conditions, the person has a mental disorder." A.R.S. § 36-501(25)(a).

¶14        Here, the court explicitly found that Appellant's condition was not primarily the result of substance abuse but a mental disorder that existed along with and was, perhaps, exacerbated by substance abuse. At the end of the hearing, the court opined: "the doctors both addressed the methamphetamine, amphetamine use and THC use. But the doctors believe[d] putting that aside, [Appellant] still has a problem." The court further explained:

> I found by clear and convincing evidence that as a result of a mental disorder you are persistently or acutely disabled. I am distinguishing that from substance abuse and I believe the doctors say you have . . . what I used to refer to as a co-occurring disorder.

Substantial evidence within the record supports the court's findings.

¶15        In their respective affidavits, both physicians who examined Appellant acknowledged his substance-abuse history but concluded that Appellant was persistently or acutely disabled due to a mental disorder. Dr. Devabhaktuni diagnosed Appellant with Bipolar I disorder, mixed episode with psychotic features. Dr. Devabhaktuni opined that without treatment, "[Appellant] [would] continue to suffer from symptoms of *mental illness* which [would] lead to even greater physical or emotional harm." (Emphasis added.) Concerning substance abuse, Dr. Devabhaktuni noted Appellant's positive tests and diagnosed Appellant with amphetamine- and cannabis-use disorders but stated that "[Appellant's]

behaviors leading up to his admission are indicative of psychiatric illness, rather than his past medical problems."

**¶16** Dr. Kingsley diagnosed Appellant with Unspecified Schizophrenia Spectrum and Other Psychotic Disorder. He found that Appellant "present[ed] with a disturbance of thought and mood with prominent psychotic symptoms." Dr. Kingsley further opined that there was "no general medical condition thought to be responsible for [Appellant's] psychiatric presentation, and noted that drug and alcohol abuse could "worsen the symptoms of schizophrenia spectrum illness." He recommended a dual-diagnosis approach for treatment to address Appellant's "*primary* disturbance of thought and mood and *exacerbating* chemical dependency issues." (Emphasis added.)

**¶17** Given this record, the court was within its discretion to conclude that Appellant was persistently or acutely disabled due to a mental disorder, even if some of Appellant's behaviors were caused or exacerbated by substance abuse. *See* A.R.S. § 36-501(25)(a). We will not disturb this conclusion by reweighing evidence. *See In re Pima County Mental Health No. MH-2010-0047*, 228 Ariz. 94, 96, ¶ 7 (App. 2011) ("[T]o the extent the trial court's decisions in this regard require it to assess the credibility of witnesses and weigh the relative strength of their testimony in order to reach fact-based conclusions, we defer to the court.").

## CONCLUSION

**¶18** We affirm the superior court's involuntary treatment order.



AMY M. WOOD • Clerk of the Court
FILED: AA