NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: MH2025-005060

No. 1 CA-MH 25-0138

FILED 12-12-2025

Appeal from the Superior Court in Maricopa County
No. MH 2025-005060
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Lindsay Ficklin
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Caitlyn T. Mitchell
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which
Presiding Judge David B. Gass and Judge Michael J. Brown joined.

**B E C K E**, Judge:

¶1 Mental health patient ("Patient") appeals the superior court's June 3, 2025 order requiring her to undergo combined inpatient and outpatient treatment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[1]

¶2 In May 2025, two physicians, Madeline Nykamp, M.D., and Danielle Guthrie, D.O., evaluated Patient and diagnosed her with bipolar I disorder. According to the physicians' affidavits, Patient acknowledged having bipolar disorder, but believed that she did not need to be in an inpatient facility. The physicians affirmed that Patient's disorder impaired her ability to understand the risks and benefits of treatment. They further said her condition was treatable through inpatient, outpatient, or combined inpatient and outpatient treatment.

¶3 A few days later, Dr. Nykamp petitioned to place Patient under court-ordered treatment, alleging (1) Patient was persistently or acutely disabled as a result of her mental disorder, and (2) court-ordered treatment was appropriate because Patient was unwilling or unable to accept treatment voluntarily. Patient was served with the petition, and the court set a hearing for June 3, 2025, at the Valleywise Health Behavioral Center in Phoenix, Arizona.

¶4 The day before the hearing, counsel for Dr. Nykamp moved to permit one of the acquaintance witnesses to testify remotely. According to the motion, Jodi Knudson worked as a registered nurse in Mesa, Arizona, and was scheduled to work on the day of the hearing. Counsel explained that, because Knudson worked approximately 30 miles away, she would miss at least two and a half hours of work for testimony expected to last only five minutes.

¶5 Counsel acknowledged that Maricopa County Superior Court Administrative Order No. 2022-113 ("Order") established that hearings on petitions for court-ordered treatment were presumptively in person. Counsel added, however, that the administrative order permitted a court "to make a hearing-specific deviation" when the presumptive hearing format was impractical or not in the interest of justice.

---

[1] We view the evidence in the light most favorable to sustaining the superior court's order of treatment. *See In re MH2011-000914*, 229 Ariz. 312, 314, ¶ 8 (App. 2012).

**¶6** Through counsel, Patient objected to the motion and argued that "being busy at work" did not constitute good cause. She recognized that Arizona Rule of Civil Procedure 43(e) authorizes live, remote testimony upon a showing of good cause. In her view, the rule does not permit a court to allow remote testimony based solely on a witness's convenience.

**¶7** The day before the hearing, the court heard oral argument on the motion. Dr. Nykamp's counsel argued that Knudson's remote appearance would not prejudice Patient because (1) Knudson had been timely disclosed, and (2) Patient's counsel had the opportunity to interview her. Counsel also referenced the Order to argue that the court could deviate from the presumptive standard.

**¶8** The court granted the motion and permitted Knudson to appear remotely. The court found good cause based on (1) the distance between the courthouse and Knudson's workplace, and (2) the time required to travel to and from the hearing. It also found that requiring her to appear in person was not practical, not in the interest of justice, and not prejudicial to Patient.

**¶9** Patient's counsel then asked that Knudson appear by video, and the court ordered that she attend the hearing through videoconference.

**¶10** The next day, the court heard live, in-person testimony from both physicians and Patient's daughter, and live, videoconference testimony from Knudson. The court found Patient was persistently or acutely disabled because of a mental disorder. Accordingly, it ordered combined inpatient and outpatient treatment for no more than 365 days, with the inpatient treatment not to exceed 180 days.

**¶11** Patient timely appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(10) and 36-546.01.

## DISCUSSION

**¶12** Patient argues that the superior court abused its discretion by finding good cause for Knudson's remote testimony based on her potential work and travel inconvenience. We disagree.

**¶13** We review the superior court's ruling on a discretionary matter for an abuse of discretion. *See Tracy D. v. Dep't of Child Safety*, 252 Ariz. 425, 435, ¶ 41 (App. 2021). We defer to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence.

*See MH2011-000914*, 229 Ariz. at 314, ¶ 8; *In re MH 2008-001188*, 221 Ariz. 177, 179, ¶ 14 (App. 2009) ("[W]e will affirm the superior court's order for involuntary treatment if it is supported by substantial evidence."). When considering telephonic or remote testimony, we determine "whether good cause has been shown for its use." *In re MH-2008-000867*, 225 Ariz. 178, 181, ¶ 11 (2010).

**¶14** The court granted the motion for Knudson's remote appearance by finding good cause based on (1) her distance from, and (2) the travel time to and from, the courthouse. The court also found, for the same reasons supporting good cause, that requiring Knudson to appear in person was impractical or not in the interest of justice under the Order.

**¶15** Even though a hearing on a petition for court-ordered treatment is presumptively in person, the court retains discretion to allow remote testimony. *See* Ariz. R. Civ. P. 43(e) (stating that the court may permit testimony "by contemporaneous transmission from a different location"); Ariz. R. Evid. 611(a) (granting courts "reasonable control over the mode and order of examining witnesses and presenting evidence"). The court may make a "hearing-specific deviation" from the presumptive manner of appearance when an in-person appearance is impractical or contrary to the interest of justice. Order at 1. The Order further states that its presumptions may not serve as a basis to challenge "the validity of a hearing or court order." *Id.*

**¶16** The superior court's findings were not an abuse of discretion. Knudson worked around 30 miles from the courthouse and would have missed at least two and a half hours of work to testify briefly. The petition anticipated that her testimony would last about five minutes, and the record reflects that her direct examination took less than that. Knudson described her observations of Patient upon arrival at the facility and testified that Patient insisted on immediate discharge despite Knudson's efforts to encourage her to remain and focus on her treatment.

**¶17** Arizona law did not require that Knudson be physically present to testify. *See In re MH 2004-001987*, 211 Ariz. 255, 258, ¶ 14 (App. 2005) (holding that § 36-539(B) does not require a witness's in-person appearance). Evidence Rule 611(a) also does not "necessarily preclude telephonic testimony in this circumstance." *Id.* at 259, ¶ 19. Here, the court ordered Knudson to appear by videoconference, and she did.

¶18 On these facts, the superior court did not abuse its discretion when it allowed Knudson to testify via videoconference rather than appear in-person. We therefore conclude that the superior court did not abuse its discretion in granting Dr. Nykamp's motion for Knudson's remote appearance.

## CONCLUSION

¶19 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR